**INTERNATIONAL LIQUORS, INC., Plaintiff**

**v.**

**ANDRE STOYANAFF, Defendant**

Case No. 93/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 13, 1977

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

A hearing was held in the above Small Claims action on March 18, 1977, both parties appearing pro se. The testimony established that on January 30, 1976, and on February .23, 1976, the plaintiff, International Liquors, Inc., sold beverages valued at $181.45 and $219.35, respectively, to the Midtown Restaurant located on Back Street, Charlotte Amalie, St. Thomas. At the time of the sales, the Midtown Restaurant was owned by Elias Feghali.

On March 26, 1976 ownership of the Restaurant was transferred from Mr. Feghali to defendant Andre Stoyanaff and another individual. Paragraph 2 of the transfer agreement, admitted as defendant's Exhibit A, states that Buyer assumes "all existing debts and liabilities of the Seller's business." Paragraph 5 states, "Buyers, severally and jointly, assume all of the existing debts of the business aforesaid and Seller's personal debt to Chase . . . which said debts are set forth on the attached schedule . . . ". The schedule fails to include the debts sued upon herein. Paragraph 6 refers to debts as stated in Paragraph 5 and further states that "The parties agree to exempt this transaction" from the Bulk Sales Act pursuant to 11A V.I.C. § 6—103(6).

The Bulk Sales Act is designed to protect creditors of a merchant from commercial fraud through the sale of a business' stock in trade. Section 6—103(6) of the Act, referred to in the transfer agreement, exempts transfers otherwise subject to the Act's provisions where the bulk

transfer is to a person "who becomes bound to pay the debts of the transferor *in full*" (Emphasis added).[1]

Although restaurants do not fall within the Act's purview, Comment 2 to 11A V.I.C. § 6—102, the parties' reference to 11A V.I.C. § 6—103(6) manifests their intention that the transferee would assume *all* debts of the transferor as of the date of transfer. This intention is buttressed by Paragraphs 2 and 5, as well as Paragraph 6 where it is stated in reference to 11A V.I.C. § 6—103(6), that "the parties acknowledge that this transfer is to persons maintaining a known place of business in this territory . . . *that they have become bound to pay the debts of the transferor in full* (pursuant to Paragraph 5 herein). . . . *and that Buyer is solvent after becoming so bound.*" Defendant's argument that failure to list the debts sub judice demonstrates a lack of intention that the defendant was to assume such debts is not persuasive in view of this other evidence of contractual intent.

As the above discussion establishes, plaintiff is a creditor of the transferor and defendant-transferee assumed the debt obligations of the transferor. The plaintiff as a creditor beneficiary is entitled to judgment against the defendant-transferee under principles of third party beneficiary contracts. Restatement of Contracts §§ 133(1)(b), 136(1)(a); Title 1 V.I.C. § 4. Judgment will be entered for plaintiff in the amount of $400.80 plus filing costs of $7.00.

---

[1] 11A V.I.C. § 6—103(6) provides:
  "The following transfers are not subject to the article:
  (6) Transfers to a person maintaining a known place of business in this territory who becomes bound to pay the debts of the transferor in full and gives public notice of that fact, and who is solvent after becoming so bound."